IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br>Geremy Lamar Huff<br>4 Blockhouse Road<br>Piedmont, SC 29673<br>SSN / ITIN: xxx-xx-0945<br>*aka* Geremy L. Huff *dba* GLH Delivering Services *fdba* P&G Logistics *fdba* CMH Logistics *fdba* Paisley Logistics *dba* GT Foods<br>Debtor. | **Chapter 11**<br><br>**Case No: 26-00526-eg**<br><br>**PLAN OF REORGANIZATION** |

## CHAPTER 11 PLAN OF REORGANIZATION

### Article I: Summary

This Plan of Reorganization (the "Plan") under 11 U.S.C. § 1121 of the U.S. Bankruptcy Code (the "Code")[1] proposes to pay the creditors of Geremy Lamar Huff (the "Debtor") from his future income and the liquidation of claims owed to him by various third parties.

**This Plan provides for:**
**One (1) unnumbered class of Administrative Expense Claims, and Quarterly and Court Fees;**
**Three (3) classes of secured claims;**
**One (1) class of priority, unsecured claims;**
**One (1) class of non-priority, unsecured claims; and**
**One (1) class of equity security holders.**

This Plan also provides for the payment of administrative claims. All creditors holding allowed claims will receive distributions according to the terms set forth in Articles III and IV. All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A Disclosure Statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney if you have one. (If you do not have an attorney, you may wish to consult one.)**

### Article II: Classification of Claims and Interests

| **Administrative Expenses** | **Class 1(a): Secured claims not in default with Debtor maintaining current contractual installments.** | **Class 1(b) to be valued under § 506(a).** |
|---|---|---|
| Debtor's Attorney's Fees | Affinity Bank | Byline Bank |
| Statutory quarterly fees | Freedom Mortgage | Newtek Small Business Finance |
| | Ford Motor Credit | S.C. Department of Employment and Workforce |
| | | South Carolina Dept of Revenue |
| **Class 1(c)** | Class 2 | |
| Ameris Bank | Candace M. Huff | |
| TD Bank, N.A 2025CP0400330 | Internal Revenue Service | |
| TD Bank, N.A 2025CP0402298 | SC Dept of Revenue | |

[1] All subsequent references to the U.S. Bankruptcy Code are by section, only.

| **Class 3** | **Non-Priority Unsecured Creditors** | | | |
|---|---|---|---|---|
| **Under Secured Claims** | **General, Non-Priority Unsecured Creditors** | | | |
| Byline Bank | ABC Amega | American Express | AP Finance | Ascention Capital |
| Newtek Small Business Finance, LLC | Bank of America (2 claims) | Barclays Bank Delaware | BHG Financial | BMF Advance Cloudfund |
| S.C. Department of Employment and Workforce | Candace M. Huff | Capital Ink | Citibank/Best Buy | Citizens Bank |
| South Carolina Dept of Revenue | Concord Servicing | Discover Card | Diverse Capital | Emergency Pavilions |
| Ameris Bank | First Technology FCU | Forman Price | Greensboro Grant/Quickbooks | JP Morgan Chase (2 claims) |
| TD Bank, N.A 2025CP0400330 | Leaf Commercial Capital | Lincoln Funding Solutions | Lytx, Inc. | Midland States Bank |
| TD Bank, N.A 2025CP0402298 | Pinnacle Bank | PNC Bank | Rockwood Casualty | Silicon Ledger |
| | US Small Business Administration | Southern Insurance Co of VA | Terrel Beckham | Huntington National Bank |
| | Thriveway Funding Group | Truist Bank | Truist Bank/Lightstream | US Bank (2 claims) |
| | UHaul | Wells Fargo Bank | | |

**Class 4**. **Equity interest holders.**

Equity interest holders are parties who hold an ownership interest (*i.e.*, equity interest) in the Debtor. With respect to an individual who is a debtor, the Debtor is the equity interest holder. The Debtor in this case is an individual and he will retain possession and control of all assets following confirmation of the Plan.

**Article III: Treatment of Administrative Expense Claims, Quarterly Fees, and Court Fees**

**3.0 Unclassified claims**

Certain types of claims are automatically entitled to specific treatment according to the bankruptcy code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment in the Plan does not comply with that required by the bankruptcy code. Therefore, the Plan Proponent has not placed the following claims in any class:

**Administrative expense claims**

Under 11 U.S.C. § 1123(a)(1), administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed by § 503(b) of the bankruptcy code. Administrative expenses include quarterly fees to the U.S. Trustee to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7), any "gap" claims in an involuntary case allowed under § 502(f), reclamation claims for the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition, and compensation for services and reimbursement of expenses awarded by the Court per § 330(a). No gap nor reclamation claims exist in this case.

Each holder of an administrative expense claim will be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor as follows:

| **Administrative expenses:** | **Estimated Amount** | **Proposed Treatment** |
|---|---|---|
| Attorney's Fees | $30,000 | The amount of the Debtor's attorney's fees, as and when approved by the Court, will be paid in 30 equal monthly installments beginning on the 1st day of the month following Court approval. |
| Statutory quarterly fees | $1,500.00 | Based upon 6 quarterly payments through March 31, 2027. These fees will be paid in a timely manner as they become due until the case is closed, dismissed, or converted to another chapter of the Code. |

**Article IV: Treatment of Claims and Interests Under the Plan**

**4.1 Secured Claims**

This Plan provides treatment for three (3) classes of secured claims. Each class will be treated separately and distinctly from the other classes of secured claims for voting purposes.

**Class 1(a):** The debtor is not in default and will maintain the current contractual installment payments on the secured claims in this class.

| **Creditor** | **Claim amount** | **Collateral** | **Collateral value** | **Monthly Payment** |
|---|---|---|---|---|
| **Affinity Bank** | $45,398.96 | 2022 Cadillac Escalade | $51,000.00 | $1,576.69 |
| **Freedom Mortgage** | $165,051.87 | 4 Blockhouse Rd., Piedmont, SC 29673 | $456,300.00 | $1,530.97 |
| **Ford Motor Credit** | $1,888.57 | 2020 Ford Transit Van | $11,370.00 | $780.01 |

**Class 1(b): Claims to Be Valued under § 506(a).**

The Debtor will request the Court, by a separate motion apart from the Plan, to determine the amount of the secured portions (the "Secured Amounts") of those claims, listed below. These creditors are hereinafter referred to as "Under Secured Creditors". Any holder of an allowed secured claim treated in this section shall retain its lien on the property interest of the Debtor until the Secured Amount plus the interest provided in the Plan is paid at which time the creditor shall be required to satisfy its lien at the earliest of the time required by applicable nonbankruptcy law or order of this Court.

The Secured Amount will be determined by the value of the collateral or setoffs securing the creditor's claim, less all senior secured liens. The Secured Amount will be paid with interest at the rate stated below in equal monthly payments beginning on the Effective Date of the Plan.

The portion of any allowed claim of an Under Secured Creditor that exceeds the Secured Amount will be treated as a Non-Priority Unsecured claim in Class 3.

| **Creditor** | **Claim amount(s)** | **Collateral** | **Collateral value** | **Senior claims** | **Secured Amount** | **% Rate** | **Monthly payment** |
|---|---|---|---|---|---|---|---|
| **Byline Bank** | $642,903 | 4 Blockhouse Rd Piedmont, SC | $456,300 | Freedom Mortgage $165,052 | **$291,248** | **8.25** | **$5,941** |
| **Newtek Small Business Finance** | $2,709,174 | 4 Blockhouse Rd Piedmont, SC | $456,300 | Freedom Mortgage $165,052 | $0 | 0 | $0 |
| | | | | Byline Bank $642,903 | | | |
| **S.C. Department of Employment and Workforce** | $4,378 | 4 Blockhouse Rd Piedmont, SC 29673 | $456,300 | Freedom Mortgage $165,051 | $0 | 0 | $0 |
| | $481 | | | Byline Bank $642,903 | | | |
| | $18,198 | | | Newtek $2,709,174 | | | |

| Creditor | Claim amount(s) | Collateral | Collateral value | Senior claims | Secured Amount | % Rate | Monthly payment |
|---|---|---|---|---|---|---|---|
| **South Carolina Department of Revenue** | $212,770 | 4 Blockhouse Rd Piedmont, SC 29673 | $456,300 | Freedom Mortgage $165,051<br>Byline Bank $642,903<br>Newtek $2,709,174<br>SC DEW $100,623 | $0 | 0 | $0 |

**Class 1(c): Liens to Be Avoided by § 522(f).**

The judicial liens securing the claims listed below impair exemptions to which the Debtor is entitled by § 522(b). The Debtor will request the Court, by a separate motion apart from the Plan, to avoid each judicial lien securing the claims listed below to the extent that the lien impairs such exemptions. The amount of the judicial lien that is avoided will be treated as a Non-Priority Unsecured claim in Class 3 to the extent allowed. See § 522(f) and Bankruptcy Rule 4003(d).

| Creditor Case Number Date of Judgment | Collateral | Collateral value | Senior claims | Exemption | Non-exempt equity (Debtor's equity less exemption) | Total Claim | Amt avoided |
|---|---|---|---|---|---|---|---|
| **Ameris Bank**<br>**2025CP0400241**<br>**Dated 8/14/2025** | 4 Blockhouse Rd Piedmont, SC 29673 | $456,300 | Freedom $165,052<br>Byline Bank $642,903<br>Newtek Small Business Finance $2,709,174<br>SC DEW $100,623 | $68,525<br>S.C. Code §15-41-30(A)(1)(a) | $0 | $56,191 | 100% |
| **TD Bank, N.A.**<br>**2025CP0400330**<br>**Dated 02/13/2025** | 4 Blockhouse Rd Piedmont, SC 29673 | $456,300 | Freedom $165,052<br>Byline Bank $642,903<br>Newtek Small Business Finance $2,709,174<br>SC DEW $100,623<br>Ameris Bank $56,191 | $68,525<br>S.C. Code §15-41-30(A)(1)(a) | $0 | $167,305 | 100% |
| **TD Bank, N.A.**<br>**2025CP0402298**<br>**Dated 10/05/2025** | 4 Blockhouse Rd Piedmont, SC 29673 | $456,300 | Freedom Mortgage $165,052<br>Byline Bank $642,903<br>Newtek Small Business Finance $2,709,174<br>SC DEW $100,623<br>Ameris Bank $56,191<br>TD Bank, N.A. $167,305 | $68,525<br>S.C. Code §15-41-30(A)(1)(a) | $0 | $114,541 | 100% |

**4.2 Class of Priority Unsecured Claims**

The Code requires that, with respect to a class of claims of a kind referred to in §§ 507(a)(1), (4), (5),

(6), and (7), each holder of such a claim receive cash on the Effective Date of the Plan equal to the allowed amount of such claim, unless a particular claimant agrees to a different treatment, or the class agrees to deferred cash payments. The Priority portion of these claims are listed in Part 1 of Exhibit E to the Disclosure Statement and will receive the following treatment in the Plan:

**a) Domestic Support Obligations**

The Debtor owes a domestic support obligation, as defined by § 101(14A), to his former spouse, Candace M. Huff, for the support of his 14 year old daughter in the amount of$1,058.40 per month. The claim is entitled to priority status per § 507(a)(8) of the bankruptcy code. The Debtor remains current on this obligation.

**b) Priority Tax Claims**

Priority tax claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the bankruptcy code. Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise it must receive the present value of such claim pursuant to § 511, in regular installments paid over a period not exceeding 5 years from the order of relief.

**i. Internal Revenue Service**

The Internal Revenue Service filed an unsecured claim in the amount of $841,775.24 of which $5,031.02 is a priority claim under § 507(a)(8). The priority portion of this claim will be paid in monthly payments of $100.00 beginning on the Effective Date of the Plan and on the first day of each month thereafter until paid in full. The remainder of this claim will be treated as a Non-Priority Unsecured claim in Class 3.

**ii. South Carolina Department of Revenue**

The South Carolina Department of Revenue filed a Proof of Claim in the amount of $254,703.81 of which $212,769.99 is secured which will be valued at $0 as a Class 1(b) claim pursuant to § 506(a) and treated as a Non-Priority Unsecured claim in Class 3. Of these amounts, $31,864.26 is a priority claim under § 507(a)(8). The priority portion of this claim will be paid in monthly payments of $615.00 beginning on the Effective Date of the Plan and on the first day of each month thereafter until paid in full. The remainder of this claim will be treated as a Non-Priority Unsecured claim in Class 3.

**4.3 Class of Non-Priority Unsecured Claims**

Allowed Non-Priority Unsecured claims are not secured by property of the estate and are not entitled to priority by § 507(a). This class also includes the unsecured portions of the claims of any Under Secured Creditors in Classes 1(a) and 1(b) which are not being paid in full through the Plan. The amount of the unsecured portions of those claims in Classes 1(b) and 1(c) are set forth in Column C in Exhibit D to the Disclosure Statement. This class also includes the nonpriority portions of those claims in Class 2 which amounts are set forth in the far right column of Part 1 of Exhibit E to the Disclosure Statement. A list of the remaining General, Non-Priority Unsecured Creditors and the amount of their claims is in Part 2 of Exhibit E.

**Treatment**: The net proceeds from the Debtor's Contractual Receivables, identified in Section II.D.5 of the Disclosure Statement, will be held in the trust account of the Debtor's attorney until all disputed claims are resolved pursuant to the terms set forth in Article V, below. Once all disputed claims are resolved by a final, non-appealable order, the proceeds of the Contractual Receivables will be distributed to all Class 3 allowed claims based upon the proportion of each claim to the total of all claims allowed in this class. The Debtor estimates that Class 3 claims will be paid approximately 10.7% of the amount of their claims.

| Obligor | Case Number | Debtor's Claims | Anticipated Costs | | Estimated Recovery |
|---|---|---|---|---|---|
| **McCoy** | U.S. Bankruptcy Court for the District of South Carolina Case No. 26-02467-hb | $845,176.44 | Total Assets | $30,000 | |
| | | | Trustee Comp & expenses | $3,750 | |
| Total Claims | $1,201,030 | Estimated distribution to creditors | | $26,250 | |
| | | Debtor's proportion of all claims | | 70% | **$18,472.38** |
| **Beckham** | Spartanburg County Court of Common Pleas C/A: 2025-CP-42-02628 | | | | |
| **Causes of Action** | | **Estimated Damages** | | | |
| Breach of Rental Agreement/Unjust Enrichment | | $84,700 | | | |
| Breach of PBA /Unjust Enrichment /Conversion of FedEx Routes | | $312,000 | | | |
| Conversion of 25 vehicles | | $556,500 | | | |
| | Subtotal | $953,200 | Attorney's Fees | 33% | **$635,466.67** |
| Contractual Interference | | Actual & Punitive Damages | Attorney's Fees | 33% | Undetermined |
| Negligence | | Actual & Punitive Damages | Attorney's Fees | 33% | Undetermined |
| Defamation | | Actual & Punitive Damages | Attorney's Fees | 33% | Undetermined |
| **C&D Note** | N/A | $125,709 | N/A | | **$125,709** |
| **Total Contractual Receivables** | | | | | **$779,648.05** |

### 4.4 Classes of Equity Interest Holders

With respect to an individual who is a debtor, the Debtor is the only equity interest holder. The Debtor in this case is an individual.

## Article V: Allowance and Disallowance of Claims

### 5.1 Delay of distribution on a disputed claim

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserves sixty (60) days following confirmation to object to the disputed claims. No distribution will be made on account of a disputed claim unless such claim is allowed by a final, non-appealable order.

### 5.2 Objectionable Claims

At the time of this Disclosure Statement, the Debtor intends to allow all claims as listed in Exhibits D and E to the Disclosure Statement except those identified below.

| Creditor | Amount Claimed | Objection | Debtor's Position |
|---|---|---|---|
| **Byline Bank** | $688,480.04 | Claim Amount | $642,903.12 |
| **BMF Advance Cloudfund** | No Proof of Claim | Claim Amount & liability | $0 |
| **Capital Ink** | No Proof of Claim | Claim Amount & liability | $0 |
| **Diverse Capital, LLC** | No Proof of Claim | Claim Amount & liability | $0 |
| **Silicon Ledger Consulting** | No Proof of Claim | Claim Amount & liability | $0 |
| **Terrel Beckham** | No Proof of Claim | Claim Amount & liability | $0 |

**5.3 Settlement of disputed claims**

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Fed. R. Bankr. P. 9019.

**Article VI: Provisions for Executory Contracts and Unexpired Leases**

**6.1** The Debtor is not aware of any executory contracts or unexpired leases to which he is a party.

**6.2** Except for executory contracts and unexpired leases that have been assumed and assigned, if applicable, under section 6.1(a), above, or that are the subject of a pending motion to assume or assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

**6.3** A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 60 days after the date of the order confirming this Plan.

**Article VII: Means for Implementation of the Plan**

Payments to Classes 1(a), 1(b), (1(c), and 2 in the Plan will be paid from the Debtor's future income from truck rentals and Olé deliveries as estimated in Section IV.D of the Disclosure Statement. Distributions to Class 3 will be funded by the net proceeds realized from the Debtor's Contractual Receivables. The Debtor will retain all remaining assets.

**Article VIII: General Provisions**

**8.1 Definitions and rules of construction**

The definitions and rules of construction set forth in §§ 101 and 102 shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions.

**8.2 Effective date**

The effective date ("Effective Date") of this Plan is the 1st day of the calendar quarter (i.e., January 1st, April 1st, July 1st, or October 1st) following confirmation. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated.

**8.3 Severability**

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**8.4 Binding effect**

The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

**8.5 Captions**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**8.6 Controlling effect**

Unless a rule of law or procedure is supplied by federal law, the laws of the State of South Carolina govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**8.7 Corporate governance**
Not applicable to the Debtor, who is an individual.

**8.8 Retention of Jurisdiction**
The U.S. Bankruptcy Court for the District of South Carolina shall retain jurisdiction to resolve all disputes regarding claims, terms, and implementation of the Plan.

**Article IX: Discharge**

Section 1141(d)(3) is not applicable as the Debtor will continue business activity. According to § 1141(d)(5), upon submission of verification to the Court that all payments provided by the Plan have been completed, after due notice thereof to all creditors and parties in interest, and a hearing regarding such submission, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in §1141(d)(1)(A), except that the Debtor will not be discharged of any debt imposed by this Plan.

October 1, 2026

/s/*Geremy Lamar Huff*____
Signature of the Plan Proponent
Geremy Lamar Huff
Debtor-In-Possession

*/s/Randy A. Skinner*____
Attorney for the Plan Proponent
Randy A. Skinner, Fed. Id. 5412
Skinner Law Firm, L.L.C.
The Ogletree Building
300 North Main Street, Suite 201
Greenville, South Carolina 29601
Telephone: 864-232-2007
Email: rskinner@skinnerlawfirm.com