**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re: | |
| Geremy Lamar Huff, | Case No. 26-00526-eg |
| Debtor. | Chapter 11 |

**OBJECTION OF THE UNITED STATES TRUSTEE**
**TO APPROVAL OF DEBTOR'S DISCLOSURE STATEMENT**

The Acting United States Trustee for Region 4 (the "UST") hereby objects to approval of the debtor's disclosure statement filed on October 1, 2026 (the "Disclosure Statement") [ECF No. 119]. This objection is filed pursuant to the authority granted to the UST by 28 U.S.C. § 586 and 11 U.S.C. § 307. In support of this objection, the UST respectfully states as follows:

**JURISDICTION, VENUE & CONSTITUTIONAL**
**AUTHORITY TO ENTER A FINAL ORDER**

1. The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(1). Venue is proper in this district under 28 U.S.C. § 1408. The Court has constitutional authority to enter a final order in this matter.

2. Matthew W. Cheney is the acting United States Trustee for Region 4. Pursuant to 11 U.S.C. § 307, the UST has standing to appear and be heard on any issue in a case or proceeding under the Bankruptcy Code. Pursuant to 28 U.S.C. § 586(a)(3), the UST is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*[1], including monitoring plans and disclosure statements filed in chapter 11 cases. 28 U.S.C. § 586(a)(3)(B).

[1] All further references to the United Staes Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, will be by section number only.

## STATEMENT OF FACTS

1. On February 4, 2026, the debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The debtor has remained in possession since the filing.

2. The debtor's disclosure statement and plan were due on August 3, 2026. On October 1, 2026, the debtor filed the Disclosure Statement and plan.

3. The Disclosure Statement fails to discuss the debtor's post-petition performance. The monthly operating reports filed show negative cash balances since the beginning of the case. As the debtor has failed to use his debtor-in-possession account throughout the case, it is difficult to reconcile what income the debtor receives from the various companies he owns. The bank statements attached to the monthly operating reports show GT Foods has bank accounts at Pinnacle Bank and TD Bank which show the following:

| | Cash balance beginning of month | Credits | Debits |
|---|---|---|---|
| September 2026 Pinnacle | $457.38 | $23,542.48 | $23,632.09 |
| September 2026 TD Bank | (-$488.04) | $12,707.80 | $13,101.38 |
| August 2026 Pinnacle | (-$3,796.04) | $34,537.03 | $30,283.61 |
| August 2026 TD Bank | $2,424.08 | $10,046.15 | $12,945.27 |
| July 2026 Pinnacle | $0 | $17,757.75 | $21,553.79 |
| July 2026 TD Bank | (-$592.50) | $13,026.56 | $9,996.98 |
| June 2026 Pinnacle | $835.40 | $21,948.09 | $22,783.49 |
| June 2026 TD Bank | (-$975.14) | $8,289.58 | $7,893.94 |
| May 2026 Pinnacle | (-$2,089.39) | $22,880.11 | $19,955.32 |

| | | | |
|---|---|---|---|
| May 2026<br>TD Bank | (-$649.15) | $5,891.35 | $6,204.34 |
| April 2026<br>Pinnacle | $33.64 | $23,142.71 | $25.265.74 |
| April 2026<br>TD Bank | (-$2,400.45) | $6,031.39 | $4,267.09 |
| March 2026<br>Pinnacle | $1,529.26 | $24,325 | $25.820.62 |
| March 2026<br>TD Bank | $606.63 | $6,581.69 | $9,575.77 |
| February 2026<br>Pinnacle | $4,816.00 | $37.545.83 | $40,832.57 |
| February 2026<br>TD Bank | (-$960.05) | $11,266.15 | $9,686.47 |

4. The Disclosure Statement provides that the revenue to make any plan payments will be derived from the income from the operation of the businesses but fails to provide any information on the historical financial information of the businesses to be replied upon. On page 19 of the Disclosure Statement, it provides that income from Ole is negative $616 per month. In the second column, it has truck rental income of $22,516 but fails to discuss what the income has been historically, what trucks are rented, the terms of the agreement, and other relevant information. It also fails to discuss who pays the insurance on the vehicles being rented. In the 2015.3 report filed on March 31, 2026, on page 12 of 15, it shows expenses of $1,210 and $834 per month for insurance for January and February 2026.[2] The debtor has not filed an updated 2015.3 report, which was due on September 27, 2026. Rule 2015.3(b) of the Federal Rules of Bankruptcy Procedure.

[2] This report also showed income from insurance income that is not discussed in the Disclosure Statement.

## LEGAL ARGUMENT

Section 1125 of the Bankruptcy Code prohibits solicitation of votes on a reorganization plan prior to court approval of a written disclosure statement, which contains "adequate information." *See* 11 U.S.C. § 1125(b). The Bankruptcy Code defines "adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical reasonable investor of the relevant class to make an informed judgment about the plan . . . .

§ 1125(a)(1).

A disclosure statement is intended to be the primary source of information from which creditors can reach an informed decision as to whether to support or reject a plan of reorganization. *See In re Ferguson*, 474 B.R. 466, 471 (Bankr. D.S.C. 2012) (*quoting In re Point Wylie Co*., 78 B.R. 453, 460 n. 6 (Bankr. D.S.C. 1987) ("[T]he preparing and filing of a disclosure statement is the most important step in the reorganization of a Chapter 11 debtor. It is relied on by both the creditors of the debtor before they vote on the plan of reorganization and by the bankruptcy court before approving it. Given this reliance, it is crucial that a debtor be absolutely truthful so that the disclosure statement meets the Code standard in §1125.") To be approved, a disclosure statement must include sufficient information to apprise creditors of the risks and financial consequences of the proposed plan. *See In re McLean Indus*., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) ("substantial financial information with respect to the ramifications of any proposed plan will have to be provided to, and digested by, the creditors and other parties in interest in order to arrive at an informed decision concerning the acceptance or rejection of a proposed plan").

Courts have created a non-exhaustive list of factors used to determine whether a disclosure statement contains adequate information, with the qualification that disclosure of all factors is not necessary in every case. The factors include:

> (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a nonbankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

*See, e.g. In re Ashley River Consulting, LLC*, 2015 Bankr. Lexis 3819, at *27, 2015 WL 6848113, at *8 (Bankr. S.D.N.Y. Nov. 6, 2015) *citing In re Metrocraft Publ'g Servs*., 39 B.R. 567, 568 (Bankr.N.D.Ga.1984). These factors aid in the disclosure statement's ultimate goal—informing the average creditor what it is going to get and when, and what contingencies there are that might intervene. *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

The debtor bears the burden of "proving the adequacy of its disclosure statement." *In re Bellows*, 554 B.R. 219, 225 (Bankr. D. Ak. 2016); *see also In re American Capital Equipment*, LLC, 688 F.3d 145, 155 (3d Cir. 2012) ("[t]he debtor has the burden of proving that a disclosure statement is adequate, including showing that the plan is confirmable or that defects might be cured or involve material facts in dispute.")

The Disclosure Statement is deficient in providing historical information regarding the sources of income relied upon to fund the plan, projections of income and expenses to the debtor that demonstrate the debtor's ability to make the proposed plan payments, and information regarding the debtor's post-petition performance and how a different outcome will occur upon confirmation of a plan.

WHEREFORE, for the above reasons, the UST asks the Court to consider his objections and to deny approval of the Disclosure Statement unless the above matters are adequately addressed and grant such other and further relief as it deems just and proper.

MATTHEW W. CHENEY,
ACTING UNITED STATES TRUSTEE
REGION 4

By: /s/ Linda Barr
Linda Barr, Id. 6284
Assistant United States Trustee
1835 Assembly Street, Ste. 953
Columbia, SC 29201
(803) 765-5219
linda.k.barr@usdoj.gov

Date: November 2, 2026

## CERTIFICATE OF SERVICE

I, Linda Barr, do hereby certify that on November 2, 2026, I served the below-named document:

**OBJECTION OF THE UNITED STATES TRUSTEE TO APPROVAL OF DEBTOR'S DISCLOSURE STATEMENT**

by mailing said copies to them by first-class, United States mail, postage prepaid, with return address clearly shown to said parties at the addresses shown below:

Geremy Lamar Huff
4 Blockhouse Road
Piedmont, SC 29673

by electronic transmission through the Court's Electronic Case Filing system to the following participants:

Randy A. Skinner, Esq.

By: /s/ Linda Barr
Linda Barr
1835 Assembly Street, Ste. 953
Columbia, SC 29201
(803) 765-5219